# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-09916-DOC (SK) | Date | December 11, 2018 |
|---|---|---|---|
| Title | Samuel Quinton Bonner v. Josie Gastelo | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In November 2018, Petitioner filed a petition under 28 U.S.C. § 2254, challenging his 1983 state conviction and life sentence for murder. (Pet., ECF 1 at 2). The basis for the Petition is unclear, but Petitioner says he is claiming "actual/factual innocence" under California Senate Bill 1134. (Pet. at 5). SB 1134 amended the California Penal Code to permit state prisoners to file state habeas petitions based on newly-discovered credible and material evidence that "would have more likely than not changed the outcome at trial." 2016 Cal. Legis. Serv. Ch. 785. But nothing in SB 1134 implicates the federal habeas statute or confers any basis for federal habeas relief. For this and other reasons discussed below, it "plainly appears" from the face of the Petition that "petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases; *see also* L.R. 72-3.2.

First, the Court lacks jurisdiction under § 2254. Federal courts may review a state prisoner's claim "only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Because SB 1134 is a creation of California state law, any claim based on it is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982).

Second, the Court also lacks jurisdiction because the Petition is improperly successive. Petitioner has filed at least three federal habeas petitions attacking his 1983 murder conviction. (*See* Case Nos. 1994-cv-00103, 1998-cv-07717, and 1999-cv-00091).[1] Before filing a successive petition, Petitioner must first obtain authorization from U.S. Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). But Petitioner presents no evidence—and the Court has found none—that he has obtained authorization from the Ninth Circuit to file a successive petition. Thus, the Court lacks jurisdiction under § 2244(b)(3)(A).

---

[1] The Court takes judicial notice of the public records of Petitioner's direct appeals, state habeas petitions, federal habeas petitions, and federal appeals. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09916-DOC (SK) | Date | December 11, 2018 |
|---|---|---|---|
| Title | Samuel Quinton Bonner v. Josie Gastelo | | |

Third, even if Petitioner had obtained the procedural authorization needed to file a successive petition, he could not meet the substantive requirements of § 2244: "First, the rule on which the claim relies must be a new rule of constitutional law; second, the rule must have been made retroactive to cases on collateral review by the Supreme Court; and third, the claim must have been previously unavailable." *Tyler v. Cain*, 533 U.S. 656, 662 (2001). As already noted, SB 1134 is not a new rule of federal constitutional law, much less one that the U.S. Supreme Court has made retroactive. Thus, the Petition alleges no constitutional basis for relief. *See Brown v. McComber*, 2015 WL 6957995, at *1 (C.D. Cal. Nov. 9, 2015). Petitioner "has the burden of actually showing that each claim in his petition satisfies the requirements of Section 2244." *Beltran v. Dexter*, 568 F. Supp. 2d 1099, 1105 (C.D. Cal. 2008).

Fourth, even if the Court had jurisdiction to review the successive Petition, it does not appear exhausted. Federal courts may not grant habeas relief unless the petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). To satisfy exhaustion, Petitioner must "fairly present" his claims in a complete round of direct appeals or state habeas proceedings up to and including the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Nothing in the Petition shows that Petitioner raised his claim based on SB 1134 in the California Supreme Court on direct or collateral review. "Petitioner has the burden of demonstrating that he has exhausted available state remedies." *Rollins v. Sup. Ct of Los Angeles*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

Fifth and finally, even if the Petition were cognizable and exhausted, it does not appear timely given that Petitioner was convicted 35 years ago. *See* 28 U.S.C. § 2244(d)(1)(A) (one-year statute of limitations). There appears no basis in the Petition for statutory or equitable tolling, which is Petitioner's burden to prove. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). Nor does the fact that Petitioner alludes to "actual innocence" create an equitable exception to the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To invoke that exception, Petitioner must allege a constitutional error based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Such claims are exceedingly rare. *See id.* at 329.

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **January 11, 2019** why the Petition should not be summarily dismissed. **If Petitioner does not file a timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Voluntary Notice of Dismissal" on the attached Form CV-009.